IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01050-MSK-MJW

RAYMOND S. VINTON,

Plaintiff,

v.

ADAM AIRCRAFT INDUSTRIES, INC., et al.,

Defendants.

---

**ORDER REGARDING
(1) PLAINTIFF'S MOTION TO COMPEL DISCOVERY TO ITS COMBINED SECOND
REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS FROM DEFENDANT ADAM AIRCRAFT
(DOCKET NO. 22)
AND
(2) PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM
DEFENDANT ADAM AIRCRAFT UNDER ITS THIRD REQUEST FOR PRODUCTION
(DOCKET NO. 23).**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Discovery to Its

Combined Second Request for Admissions, Interrogatories and Request for Production

of Documents from Defendant Adam Aircraft (docket no. 22) and Plaintiff's Motion to

Compel Production of Documents from Defendant Adam Aircraft Under Its Third

Request for Production (docket no. 23).  The court has reviewed the motions,

responses, and replies.  In addition, the court has reviewed, *in camera*, documents

submitted by Defendant Adam Aircraft, Bate stamped numbered AAI 177 through AAI

224, inclusive.  In addition, the court has considered applicable Federal Rules of Civil

2

Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY TO ITS COMBINED SECOND REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT ADAM AIRCRAFT (DOCKET NO. 22)**

As to Request for Admissions (RFA) Nos. 3 and 4, the Defendants have fully answered RFAs Nos. 3 and 4 to the best of their information and belief, and accordingly no further response is required.

As to Interrogatory No. 2, the Defendants have fully answered Interrogatory No. 2, and no further response is required.

As to Interrogatory Nos. 4 and 6, the Defendants' argument that such interrogatories are over-broad, not relevant, and will not lead to admissible evidence is without merit.  Defendants shall answer fully Interrogatory Nos. 4 and 6.

As to Interrogatory No. 7, the Defendants object based upon attorney-client privilege.  The court finds the objection to be without merit.  This interrogatory seeks only the names of the individuals who were given copies of the "Fraud Letter" (Exhibit 9 to Plaintiff's First Amended Complaint).  The Defendants shall provide to the Plaintiff the names of the individuals who were given the Fraud Letter.

As to Interrogatory No. 10, the Defendants shall not be required to answer this interrogatory since such interrogatory seeks information that is irrelevant and will not lead to admissible evidence.

3

As to Request for Production (RFP) No. 6, the Defendants object to this RFP on the basis that the "Fraud Letter" itself is privileged pursuant to 14 C.F.R. 193.  The court finds that such "Fraud Letter" is privileged pursuant to 14 C.F.R. 193.  Accordingly, the Defendants are not required to respond any further to RFP 6.

As to RFP No. 8, the Defendants argue that in his pleadings the Plaintiff has not asserted a formal claim for attorney fees.  The court finds that Plaintiff is not entitled to such attorney fees billing statements.  See In re Gibco, Inc., 185 F.R.D. 296, 299 (D. Colo. 1997).

As to RFP No. 9, the court finds that this RFP is over-broad and is not calculated to lead to admissible evidence at trial.

As to RFP No. 16, the court finds that the Defendants have fully responded to this RFP, and no further response is required.

As to RFP No. 17, the court finds that the Defendants have fully responded to this RFP, and no further response is required.  Moreover, such documents are covered by the attorney-client privilege.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT ADAM AIRCRAFT UNDER ITS THIRD REQUEST FOR PRODUCTION (DOCKET NO. 23).**

As to RFP Nos. 1 and 2, the court finds that the Defendants have already produced documents in response to both RFP No. 1 and RFP No. 2 and have fully responded already to these RFPs.  Defendants have produced 60 pages of documents as to RFP No. 1 and 46 pages of documents as to RFP No. 2.  Accordingly, no further

4

response is required.

As to RFP No. 7, the court finds that the Defendants previously objected to releasing the "Fraud Letter."  Moreover, this court has previously found that the "Fraud Letter" is privileged pursuant to 14 C.F.R. 193.  <u>See</u> this court's ruling on docket no. 22 above.  The court further finds that Defendants have already fully responded to RFP No. 7 through their response statement and therefore no further response is required.

As to RFP No. 9, the court has already ruled on this RFP No. 9 through minute order dated October 21, 2005, when this court ruled on Defendant Adam Aircraft's Motion for Protective Order (docket no. 8).  Accordingly, no further response is required. <u>See</u> minute order dated October 21, 2005.

As to RFP Nos. 10 and 11, the court finds that such documents are not relevant to the issues that are pending before this court, and such documents are not calculated to lead to admissible evidence at trial.  Accordingly, no further response is required.

## ORDER

Based upon these findings of fact and conclusions of law, the court **ORDERS**:

1.      That Plaintiff's Motion to Compel Discovery to Its Combined Second Request for Admissions, Interrogatories and Request for Production of Documents from Defendant Adam Aircraft (docket no. 22) is **GRANTED IN PART AND DENIED IN PART**.

2.      That the motion is **GRANTED** as to interrogatories 4, 6, and 7 only.  The Defendants shall provide responses to interrogatories 4, 6, and 7 to the Plaintiff on or before November 14, 2005.  The remainder of the motion is

5

**DENIED.**

3.      That Plaintiff's Motion to Compel Production of Documents from

Defendant Adam Aircraft Under Its Third Request for Production (docket

no. 23) is **DENIED.**

4.      That the documents which have been Bate stamped numbered AAI 177

through AAI 224, inclusive, which were submitted by the Defendants to

the court for *in camera* inspection pertaining to RFP 16 and 17 shall be

sealed and not opened except by further Order of Court.

5.      That each party shall pay their own attorney fees and costs for these

motions.


Done this 28th day of October 2005.

                                        BY THE COURT


                                        s/Michael J. Watanabe
                                        Michael J. Watanabe
                                        U.S. Magistrate Judge