IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01050-MSK-MJW

RAYMOND S. VINTON,

      Plaintiff,

v.

ADAM AIRCRAFT INDUSTRIES, INC.,
GEORGE F. ADAM  a/k/a  Rick Adam, and
KIMBERLY BURQUEST[1]

      Defendants.

_____

**OPINION AND ORDER DENYING MOTION TO AMEND, GRANTING
MOTION FOR SUMMARY JUDGMENT, AND OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE ORDERS**

_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 111)** to

the November 17, 2005 Order **(# 103)** of Magistrate Judge Michael J. Watanabe denying the

Plaintiff's Motion for Sanctions **(# 82)**, the Defendants' response **(# 113)**, and the Plaintiff's reply

**(# 118)**; the Plaintiff's Motion for Leave to File a Third Amended Complaint **(# 115)**, the

Defendants' response **(# 120)**, and the Plaintiff's reply **(# 125)**; the Plaintiff's Objections **(# 123)**

to the December 13, 2005 Order **(# 117)** of Magistrate Judge Watanabe denying certain requests

by the Plaintiff for production of documents, the Defendants' response **(# 124)**, and the Plaintiff's

_____

[1]Defendant Burquest was added in the Plaintiff's Second Amended Complaint **(# 112)**.
However, neither that document, nor any other document filed by the parties to date, added
Defendant Burquest to the caption.  The parties shall ensure that the caption on any document
properly identifies the current parties to the litigation.

reply (**# 128, 130**)[2]; the Defendants' Motion *In Limine* (**# 146**), the Plaintiff's response (**# 151**), and the Defendants' reply (**# 153**); and the Defendants' Motion for Partial Summary Judgment (**# 147**), the Plaintiff's response (**# 150**), and the Defendants' reply (**# 152**).[3]

## BACKGROUND

The Court has previously addressed the factual and procedural background of this case in some depth in its Order (**# 109**) of November 23, 2005. That recitation is deemed incorporated herein.

Of the eight causes of action asserted in the Second Amended Complaint (**# 112**), the Court's November 23, 2005 Order granted summary judgment to the Defendants on the slander, wrongful discharge, promissory estoppel, tortious interference with contract, and tortious interference with prospective relations claims. Thus, at this point, the only claims remaining are: (i) breach of the Plaintiff's employment contract with AAI; (ii) breach of the covenant of good faith and fair dealing, arising from that same contract; and (iii) a civil conspiracy claim against

---

[2]According to docket entry # 129, the Clerk of the Court determined that the Plaintiff's identification of docket # 128 as "Reply to Response to Motion" was incorrect and that the document should be refiled as a "Response to Objection to Appeal of a Magistrate Judge." The Plaintiff complied, refiling the document as directed at docket # 130. In actuality, neither filing by the Plaintiff nor the instruction by the Clerk's Office is correct. The document filed by the Plaintiff is a reply to a response to Objections to a Magistrate Judge ruling.

[3]The Court's docket indicates that an August 15, 2005 Recommendation (**#21**) by the Magistrate Judge remains pending. That Recommendation suggested that this Court appoint a Special Master to review whether correspondence between the Plaintiff and Adam Aircraft are protected by attorney-client privilege. It is not clear whether subsequent developments in this case have ameliorated, in part or whole, the concerns raised in that Recommendation. Accordingly, the Court declines to adopt the Recommendation at this time, without expressing any opinion as to whether any of the referenced communications may be privileged.

Defendant Burquest.  Where necessary in this Opinion and Order, the Court will address particular facts in conjunction with its analysis *infra*.

The Plaintiff moves (**# 115**) for leave to file a Third Amended Complaint.  He contends that the proposed Third Amended Complaint "makes no new fact allegations or charges," but states that the proposed amendments include adding language indicating that the breach of contract claim was "willful[ ] and wanton[ ]," and adding language to the conspiracy claim to add Defendant Adam to the claim and to clarify that Defendant Burquest is accused of having conspired to breach both the Plaintiff's contract and the covenant of good faith and fair dealing. The Defendants oppose the requested amendment, arguing, among other things, that the Plaintiff's December 16, 2005 motion is untimely, given that the Scheduling Order (**# 54**) set a deadline of September 15, 2005 for amendment of pleadings.

The Defendants seek summary judgment (**# 147**) on the Plaintiff's conspiracy claim against Defendant Burquest, alleging that the Plaintiff cannot establish that two persons conspired to breach his contract, insofar as Defendant Burquest was acting as an officer of the corporation at the time she recommending his termination, and that the Plaintiff cannot establish that the termination of his contract was an unlawful act.  The Plaintiff's response contends, among other things, that Defendant Burquest was not acting within the terms of corporate bylaws when terminating him.

In their Motion *in Limine* (**# 146**), the Defendants seek to exclude evidence at trial of several categories of facts, including various allegations made by the Plaintiff about safety and other problems within Defendant AAI, circumstances of the Plaintiff's prior employment, the quality of the Plaintiff's performance, and other matters.

Finally, the Plaintiff objects to several rulings by the Magistrate Judge, seeking this Court's review of those orders pursuant to Fed. R. Civ. P. 72(a). Specifically, he objects (# 111) to a November 17, 2005 Order (# 103) of the Magistrate Judge that denied a motion for sanctions by the Plaintiff. The Plaintiff's Objections state that the Plaintiff "is not appealing the failure to grant the Plaintiff's requested sanctions," but rather, "Plaintiff is appealing [ ] the ruling that 'There is no basis in law or fact for the relief sought in this motion.'" *Docket* # 111 at 2.

The Plaintiff has also filed Objections (# 123) to a December 13, 2005 Order (# 117) by the Magistrate Judge denying certain requests by the Plaintiff for the production of documents.

## ANALYSIS

### A. Standard of review

#### 1. Motion to Amend

Leave to amend a pleading shall be "freely granted" absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Beerheide v. Zavaras*, 997 F.Supp. 1405, 1409 (D. Colo. 1998), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment can be denied on the grounds of futility if the amended pleading itself would be subject to dismissal. *Jefferson County School Dist. v. Moody's Investor Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999).

#### 2. Motion for Summary Judgment

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

4

*Cattret*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F. 3d 567, 569 (10th Cir. 1994); *see also In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp.2d 1106 (D. Colo. 2002). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv SAP, Inc.*, 210 F. 3d 1132 (10th Cir. 2000); *Carry v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248.  The court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l General Ins. Co.*, 817 F. 2d 83, 85 (10th Cir. 1987); *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Grayson v. American Airlines, Inc.*, 803 F. 2d 1097, 1101 (10th Cir. 1986).

Where the non-movant bears the burden of proof at trial, the non-movant must respond to the motion with sufficient evidence to demonstrate that there is a triable issue of fact with regard to each element challenged by the movant on each claim. *Ribozyme*, 209 F.Supp.2d at 1111; *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

### 3. Objections to Magistrate rulings

A party aggrieved by a Magistrate Judge's ruling on a non-dispositive matter may file Objections within 10 days of that ruling.  Fed. R. Civ. P. 72(a).  In considering Objections, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105

F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133

(D. Colo. 1996).  Accordingly, the objections will be overruled unless the Court finds that the

Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left

with a "definite and firm conviction that a mistake has been made." *Ariza,* 167 F.R.D. at 133,

*citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

**B.  Motion to Amend**

The Plaintiff's motion to amend is untimely.  The Scheduling Order in this case set a

deadline of September 15, 2005 for the filing of motions to amend pleadings.  The Plaintiff's

motion was filed nine months after this deadline had passed.  Failure to comply with deadlines in a

Scheduling Order is itself a sufficient ground for denial of leave to amend as untimely.  *See e.g.*

*Durham v. Xerox Corp.*, 18 F.3d 836, 840-41 (10th Cir. 1994); *Frank v. U.S. West, Inc.*, 3 F.3d

1357, 1365-66 (10th Cir. 1993).  The Plaintiff offers no explanation for why he waited a full nine

months to seek leave to file a Third Amended Complaint,[4] particularly where the facts necessary

---

[4]At best, the Plaintiff appears to contend that he was awaiting the Court's ruling on his
motion for leave to file the Second Amended Complaint, and that he sought leave to amend again
promptly after the Court permitted the Second Amended Complaint.  The fact that the Plaintiff
was awaiting a ruling on a prior motion to amend does not constitute good cause for ignoring the
deadline in the Scheduling Order.  If it became clear to the Plaintiff prior to September 15, 2005
that the Second Amended Complaint he was seeking to file was inadequate, he could have
supplemented his motion with the new proposed pleading, or withdrawn the pending motion to
amend and filed a new motion addressing the new proposed pleading.

to allege the conspiracy claim against Defendant Adam were apparently known to him all along.[5]

Accordingly, the Plaintiff's Motion to Amend is denied as untimely.

### C. Defendants' Motion for Summary Judgment

The Defendants seek summary judgment on the conspiracy claim alleged against

Defendant Burquest.  To state a claim for civil conspiracy under Colorado law, a plaintiff must

prove: (i) that two or more persons (ii) agreed, expressly or tacitly, (iii) to accomplish a particular

object, (iv) and engaged in an overt act in furtherance of that agreement, (v) with damages

resulting.  *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995).  Either the object of the conspiracy

or the means to accomplish it must be unlawful.  *Id.*  In other words, the plaintiff must either

prove that the conspiracy had a lawful object but was accomplished by unlawful means, or that

lawful means were used to achieve an unlawful objective.  *Double Oak Constr. LLC v.

Cornerstone Development Intl.*, 97 P.3d 140, 146 (Colo. App. 2003).  An act or object is

"unlawful" for purposes of a conspiracy claim if that act or object is itself actionable.  *Id.*

The Defendants challenge the Plaintiff's ability to prove that two or more persons were

involved in the alleged conspiracy, and that the conspiracy alleged by the Plaintiff had an unlawful

purpose or used unlawful means.  With respect to the first contention, the Defendants point out

that a corporate officer, acting within the scope of employment, is not a "person" separate from

the corporation for conspiracy purposes.  *Holter v. Moore & Co.*, 702 F.3d 854, 855 (10th Cir.

---

[5]The Plaintiff clearly had knowledge, prior to September 15, 2005, of sufficient facts to allege that Burquest conspired to breach the covenant of good faith and fair dealing, as he had already alleged that she conspired to breach his employment contract, and both claims turn on precisely the same facts.  He also apparently had knowledge that Defendant Adam had been involved with the alleged conspiracy, as the allegation against Defendant Burquest specifically accuses her of "plan[ning], assist[ing] or encourag[ing] the wrongful and tortious actions of Defendants AAI and Adam."  *Docket # 112, ¶ 40.*

1983); *Freidman & Son, Inc. v. Safeway Stores, Inc.*, 712 P.2d 1128, 1131 (Colo. App. 1985). The Defendants contend that the Plaintiff cannot show that Defendant Burquest's actions in terminating the Plaintiff fall outside the scope of her employment. Thus, the Plaintiff must allege specific facts to show that Defendant Burquest's participation in the decision to terminate him occurred outside the scope of her employment.

The content of the Plaintiff's response to this contention warrants mention. The Plaintiff's response to the motion for summary judgment includes 5 pages of extensive factual allegations. However – and despite the Court's discussion of the same defect in the Plaintiff's prior summary judgment response, *see Docket* # 109 at 16-17 & n. 8 – only a handful of these allegations are accompanied by citations to supporting evidence. Of relevance to the particular issue raised by the Defendants' summary judgment motion, only one of the allegations actually by evidence is relevant: the Plaintiff contends that, as a corporate officer, certain formalities were necessary to effectuate his termination,[6] and the Defendants did not follow those formalities. The Plaintiff cites to Burquest's deposition to establish that he was a corporate officer. He cites to his own affidavit for the proposition that "During my entire time at Adam Aircraft, I was unable to locate any corporate minutes or board resolutions after making a diligent effort to do so. . . I was not able to locate any of these documents and could not ascertain their existence. Mike Smith indicated to me that there were no such records." *Docket* # 150, Ex. 1 at 3.

---

[6]Notably, the Plaintiff does not cite to any evidence of the corporate bylaws that allegedly prescribe the formalities to be observed before a corporate officer can be terminated. He quotes the alleged bylaws in his brief, but does not attach copies of the relevant documents as evidence. Because factual assertions in a summary judgement response must be supported by reference to specific exhibits, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998), the failure of the Plaintiff to submit the relevant exhibits results in the Court disregarding such unsupported factual assertions.

Even taking this evidence in the light most favorably to the Plaintiff, the Plaintiff has not demonstrated a genuine issue as to whether Defendant Burquest's participation in the decision to terminate him exceeded the scope of her employment.  As noted above, the Plaintiff has not adduced actual evidence that <u>any</u> particular formalities are necessary before discharging a corporate officer.  Moreover, even assuming certain formalities were necessary, he has not alleged facts that such formalities did not occur.  The Plaintiff's affidavit establishes, at best, only that Defendant AAI did not keep corporate minutes or board resolutions.  Although such a practice is open to critique, it does not prove that the appropriate corporate resolution to terminate his employment was not made and adopted, only that it was not memorialized.  Finally, even assuming that the Plaintiff's affidavit proves that the appropriate formalities were not followed, it does not establish what Defendant Burquest's role was, if any, in those formalities.  For example, Defendant Burquest may not even be entitled to vote on corporate resolutions, and her role in the corporation may be limited to making suggestions as to the termination of corporate officers, not actually proposing or effectuating them herself.

Absent some proof that Burquest's participation – whatever it may have been, as the Plaintiff has not described it –  in the decision to terminate the Plaintiff  was, the Plaintiff has not come forward with evidence to establish that that participation exceeded the scope of Defendant Burquest's employment.  Thus, the Plaintiff has failed to come forward with evidence that would separate Defendant Burquest from the corporation she allegedly conspired with, and fails to

satisfy the "two or more persons" element of the civil conspiracy claim.  Defendant Burquest is entitled to summary judgment on that claim.[7]

### D.  Objections to Magistrate Judge Rulings

Turning first to the Plaintiff's Objection to the Magistrate Judge's November 17, 2005 Order denying his motion for sanctions, the Court observes that the Plaintiff expressly concedes that he does not challenge the conclusion reached by the Magistrate Judge that sanctions were not warranted.  Rather, he disagrees with precatory language used by the Magistrate Judge that "[t]here is no basis in fact or law for the relief sought in this motion."  Because this precatory language has no operative effect other than to explain why the Magistrate Judge denied the motion, the Plaintiff's disagreement with it does not present an issue warranting this Court's review.  It is sufficient to note that, the Plaintiff having no objection to the Magistrate Judge's substantive denial of the motion for sanctions, the Order denying that motion is affirmed.

The Plaintiff also objects to certain discovery rulings by the Magistrate Judge on December 13, 2005, denying the Plaintiff's requests for production of certain documents.  The documents in question were addressed by the Court in its November 23, 2005 Order, in which the Court remanded certain discovery requests to the Magistrate Judge for additional review.  *See Docket* # 109 at 29-30, 32, 33, 34-35.  Notably, this Court indicated that, by granting summary judgment to the Defendants on many of the Plaintiff's claims, some of the discovery requests being remanded may have been rendered irrelevant.  *Id.* at 32 n. 15.

---

[7]The Court reads the Second Amended Complaint to assert the conspiracy claim only as against Defendant Burquest.  To the extent the Plaintiff asserts it against the other Defendants, the same rationale would nevertheless entitle those Defendants to summary judgment on that claim as well.

The record does not contain a transcript of any hearing before the Magistrate Judge on remand, and his Minute Order does not express his reasoning for granting or denying any of the requests upon remand.  This Court will affirm the Magistrate Judge's rulings if any reasonable justification for the ruling exists.

Both of the particular rulings objected-to by the Plaintiff involve the Magistrate Judge's refusal to require disclosure of documents furnished by Defendant AAI to the FAA concerning the "Fraud Letter" that was sent to the FAA by an anonymous author at some point after the Plaintiff's termination.  The Plaintiff contends that the Defendants have accused him of being that anonymous author.  The Court is frankly unable to follow the Plaintiff's arguments as to how evidence concerning the Fraud Letter has any relevance to the remaining issues in the case, *i.e.* whether the Plaintiff had a contract of employment with the Defendants, and whether his termination breached such a contract.  It is undisputed that the Fraud Letter was written and sent long after the Plaintiff had already been terminated by Defendant AAI.  Accordingly, the Court finds that the Magistrate Judge's refusal to compel production of these documents is appropriate, regardless of whether they are, as the Defendants contend, privileged.

### E.  Motion *in Limine*

Finally, the Defendants move *in limine* to exclude evidence of various matters from the trial, on the grounds that such evidence is irrelevant.  Determining in advance whether evidence will be relevant at trial is difficult, particularly where the precise contours of claims and defenses have not yet been laid out in a Final Pretrial Order.  Accordingly, the Court denies the motion *in limine*, without prejudice to timely objections by the Defendant when it appears the evidence in question is being addressed at trial.  However, the Court advises the parties that, given the narrow

factual issues remaining in this case, the scope of evidence to be offered at trial is likely to be limited.  As stated previously, the only issues to be tried are: (i) whether a contract for the Plaintiff's employment existed (and if so, what were the terms of the contract); and (ii) whether the Defendants breached that contract in terminating the Plaintiff.  The Court notes that the Defendants essentially concede that, to the extent a contract existed preventing the Plaintiff's termination, or limiting his termination to performance-related reasons, their actions would breach such a contract.  Thus, it appears that the main focus of the trial will be on facts relating to contract formation.  The parties should anticipate that evidence not bearing on that issue is likely to be excluded.

**CONCLUSION**

For the foregoing reasons Plaintiff's Objections (**# 111**) to the November 17, 2005 Order (**# 103**) of Magistrate Judge Michael J. Watanabe are **OVERRULED**, and the Court **AFFIRMS** that Order.  The Plaintiff's Motion for Leave to File a Third Amended Complaint (**# 115**) is **DENIED**.  The Plaintiff's Objections (**# 123**) to the December 13, 2005 Order (**# 117**) of Magistrate Judge Watanabe are **OVERRULED**, and the Court **AFFIRMS** that Order.  The Defendants' Motion *In Limine* (**# 146**) is **DENIED** without prejudice to timely objections at trial as to the identified evidence.  The Defendants' Motion for Partial Summary Judgment (**# 147**) is **GRANTED**, and judgment in favor of Defendant Burquest shall enter on the claim of civil

conspiracy.  There being no causes of action specifically asserted against Defendant Burquest in the Second Amended Complaint, the caption of this case is **AMENDED** to delete reference to Defendant Burquest.

Dated this 28th day of August, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge