IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01050-MSK-MJW

RAYMOND S. VINTON,

    Plaintiff,

v.

ADAM AIRCRAFT INDUSTRIES, INC.,

    Defendant.

_____

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND MOTION FOR SANCTIONS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Temporary Restraining Order, Preliminary Injunction, and Motion for Sanctions **(# 190)**.

The Defendant states that the parties have reached a tentative settlement. On January 3, 2007, the Defendant received a Federal Express package that it anticipated was a draft of a settlement agreement. Instead, the package, which had been sent by the Plaintiff himself, not counsel, to former Defendant Rick Adam, CEO of the Defendant corporation, contained a single piece of paper stating "Only the dead have seen the end of war."[1] Former Defendant Adam interpreted the message as a direct threat on his life. The Defendant requests a temporary restraining order and preliminary injunction prohibiting the Plaintiff from contacting any of its

---

[1] The quotation is from George Santayana's 1924 "Soliloquies in England," but was prominently misattributed to Plato by General Douglas MacArthur in a 1962 farewell address to the cadets at West Point, the alma mater of both the Plaintiff and former Defendant Adam.

1

employees or their families, and requiring the Plaintiff to physically remain at least ¼-mile away from any employee of the Defendant or the family members of any employee of the Defendant.

The Court declines to enter the requested injunction for several reasons. First, the alleged threat has no direct connection to the matters currently pending before the Court. As a court of limited jurisdiction, this Court's authority over the parties is limited to matters arising out of the litigation itself. Although the parties are engaged in contentious litigation and the Defendant expected that the package it received would contain a proposed settlement agreement, it is clear that the alleged threatening statement was neither included in or attached to any pleading or other document involved in this case. As the Defendants motion recites, the parties have had a tempestuous relationship that predates this action, and, absent a showing that the alleged threat was directly related to this proceeding, the Court is not inclined to treat every interaction between the parties as arising out of the litigation.

Second, even assuming that the Court deemed the alleged threat to arise directly out of this litigation, the cases cited by the Defendant do not stand for the proposition that the Court's inherent powers over this proceeding would permit the Court to enter the type of broad physical restraints requested by the Defendant. All three cases cited by the Defendant involve the sanctioning of obstructive litigants by awarding attorney's fees to their opponents. None stand for the proposition that the Court's inherent powers to control the course of litigation extend so far as to permit the Court to enter orders restraining the physical liberty of a litigant. Absent clear, binding authority approving of the precise type of restraining order sought by the Defendant in a substantially similar factual situation, the Court finds that its "inherent power to impose a

variety of sanctions," *Morris v. Adams-Mills Corp.*, 758 F.2d 1352, 1357 n. 7 (10th Cir, 1985), does not extend so far as the Defendant contends.

Third, the Court finds that even if it overcame difficult questions of jurisdiction and the scope of its powers in granting the requested relief, such relief would have little continuing efficacy after this litigation concludes. Any power that the Court could exercise over the Plaintiff in his status as a litigant would evaporate at the conclusion of this case, even though the risk of harm perceived by the Defendant would continue to exist. To the extent that the Defendant or former Defendant Adam perceive the Plaintiff to be genuinely threatening physical harm, such matters that are better suited to investigation by appropriate law enforcement agencies and issuance of a permanent restraining order by courts authorized to exercise general jurisdiction over the persons involved.

Accordingly, the Defendants' motion **(# 190)** is **DENIED**.

Dated this 5th day of January, 2007

                                      **BY THE COURT:**

                                      Marcia S. Krieger
                                      United States District Judge